UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **RAUL RIOS CASTELLANOS,** § <br> *Plaintiff*, § <br> § <br> **v.** § <br> § Civil Action No: 7:22-CV-30-DC-RCG <br> **JONG SUN CHOI and CJH LOGISTICS,** § <br> **INC.** § <br> *Defendants*. § | |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Jong Sun Choi and CJH Logistics, Inc. files its First Amended Original Answer to Plaintiff's Original Petition and shows the Court the following:

### DISCOVERY CONTROL PLAN

1. As to Paragraph 1 of Plaintiff's Petition, to the extent an admission or denial is required, Defendants admit that discovery is intended to be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. As to Paragraph 2 of Plaintiff's Petition, to the extent an admission or denial is required, Defendants admit that Plaintiff has brought this suit. Defendant is without sufficient information to admit or deny the remainder of this paragraph.

3. As to Paragraph 3 of Plaintiff's Petition, to the extent an admission or denial is required, Defendants admit the first two sentences of Paragraph 3. Defendants are without sufficient information to admit or deny the remainder of this paragraph.

4. As to Paragraph 4 of Plaintiff's Petition, to the extent an admission or denial is required, Defendants admit the first two sentences of Paragraph 4. Defendants are without sufficient information to admit or deny the remainder of this paragraph.

### ALLEGATION OF MISNOMER, ALTER-EGO, ASSUMED NAME

5. As to Paragraph 5 of Plaintiff's Petition, to the extent and admission or denial is required, this paragraph calls for a legal conclusion to which Defendant cannot admit or deny.

### ALLEGATION OF JURISDICTION, VENUE AND MAXIMUM DAMAGES

6. As to Paragraph 6 of Plaintiff's Petition, this paragraph calls for a legal conclusion to which Defendants cannot admit or deny.

7. As to Paragraph 7 of Plaintiff's Petition, this paragraph calls for a legal conclusion to which Defendants cannot admit or deny. To the extent an answer is required, Defendants deny the allegations in Paragraph 7.

### ALLEGED FACTS

8. As to Paragraph 8 of Plaintiff's Petition, Defendants admit that the accident occurred on or about February 5, 2020 on the eastbound lane of IH-20 at or near MM-94 in the County of Ector, State of Texas. Defendants further admit Defendant Choi was driving a tractor trailer behind Plaintiff. Defendants further admit that hazardous icy and snowy conditions existed on the highway. Defendants further admit that Defendant Choi side-swiped Plaintiffs' tractor trailer truck and that Defendant Choi's truck jackknifed and ended up in the grassy area of IH-20. Defendants further admit that Defendant Choi was cited for unsafe speed. Defendants deny the remainder of the allegations of Paragraph 8.

## ALLEGED CAUSES OF ACTION

9. As to Paragraph 9 and subparts a-f of Plaintiff's Petition, Defendants deny the allegations.

10. As to Paragraph 10 of Plaintiff's Petition, Defendants deny the allegations.

11. As to Paragraph 11 of Plaintiff's Petition, Defendants deny the allegations.

12. As to Paragraph 12 of Plaintiff's Petition, Defendants deny the allegations.

13. As to Paragraph 13 of Plaintiff's Petition, this is an incorporation paragraph and need not be admitted nor denied.

14. As to Paragraph 14 of Plaintiff's Petition, Defendants deny the allegations.

15. As to Paragraph 15 of Plaintiff's Petition, Defendants admit the allegations.

16. As to Paragraph 16 of Plaintiff's petition, Defendants deny the allegations.

17. As to Paragraph 17 of Plaintiff's Petition, Defendants deny the allegations.

18. As to Paragraph 18 of Plaintiff's Petition, Defendants deny the allegations.

19. As to Paragraph 19 of Plaintiff's Petition, this is an incorporation paragraph and need not be admitted nor denied.

20. As to Paragraph 20 of Plaintiff's Petition, Defendants deny the allegations.

21. As to Paragraph 21 of Plaintiff's Petition, Defendants deny the allegations.

22. As to Paragraph 22 of Plaintiff's Petition, Defendants deny the allegations.

## ALLEGED INJURIES AND DAMAGES

23. As to Paragraph 23 of Plaintiff's Petition, Defendants deny the allegations.

24. As to Paragraph 24 of Plaintiff's Petition, Defendants deny the allegations.

## JURY DEMAND

25. As to Paragraph 25 of Plaintiff's Petition, to the extent an admission or denial is required, Defendants agree to a trial by jury so long as Plaintiff pays the jury fee.

## DISCLOSURES

26. As to Paragraph 26 of Plaintiff's Petition, to the extent an admission or denial is required, Defendants have or will disclosed information or material described in Rule 194.2 (b)(1) – (b)(12).

## PRAYER

27. As to Paragraph 27 (unnumbered) of Plaintiff's Petition, to the extent an admission or denial is required, Defendants deny the allegations in Paragraph 27 including subparts a-d.

## DEFENDANTS' AFFIRMATIVE DEFENSES

28. Defendants would show that Plaintiff failed to exercise that degree of care that would have been exercised by an ordinarily prudent person under the same or similar circumstances, and such failure to exercise care was a producing or proximate cause and/or the sole proximate cause of the incident made the basis of this suit, and all of Plaintiff's alleged injuries and damages.

29. Defendants would show that the incident made the basis of this suit was an unavoidable accident over which the Defendants had no control, or in the alternative, it was beyond the reasonable control or foreseeability of Defendants to prevent it.

30. Defendant pleads that the alleged injuries, if any, to Plaintiff, were not caused by any act of negligence, either of omission or commission, on the part of Defendants, but to the contrary, such injuries and damages alleged by Plaintiff were directly and proximately caused by

an intervening or superseding act or event, unforeseeable to Defendants and over which Defendants had no control, and for which Defendants should not be held liable.

31. Defendants would show that Plaintiff's alleged injuries and/or damages, if any, were caused by a sole proximate cause not reasonably foreseeable by Defendants. Such sole proximate cause was the immediate and efficient cause of Plaintiff's alleged injuries and/or damages, if any.

For the foregoing reasons, Defendants pray that, upon final trial, Plaintiff take nothing by way of his claims and that Defendants recover their costs. Defendants further pray for any other relief to which Defendants may be justly entitled.

Respectfully submitted,

**Cox P.L.L.C**

By: */s/ Clinton Cox*
**Clinton V. Cox, IV**
State Bar No. 24040738
ccox@coxpllc.com
**Laura Shelton**
State Bar No. 24026157
lshelton@coxpllc.com
8144 Walnut Hill Ln, Suite 1090
Dallas, TX 75231
214-444-7050
469-340-1884 [Fax]

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure, on April 28, 2022.

*/s/ Clinton Cox*
**CLINTON V. COX**